IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRANDT, | § | |
| | § | |
| *Plaintiff,* | § | SA-25-CV-01352-JKP |
| | § | |
| vs. | § | |
| | § | |
| KRISTI NOEM, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; | § | |
| | § | |
| *Defendant.* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court in the above-styled cause of action are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [#1], Proposed Complaint [#1-1], and Motion for Service [#5]. This case was automatically referred to the undersigned upon filing for an order on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The District Court separately referred Plaintiff's motion for service [#6]. The undersigned therefore has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1). By his motions, Plaintiff seeks leave to proceed IFP based on his inability to afford court fees and costs and asks the Court to issue an order instructing the U.S. Marshals to serve his proposed complaint. Having considered the motions and documentation provided by Plaintiff, the undersigned will grant Plaintiff's IFP motion [#1] but deny the motion for service [#5] and recommend the District Court dismiss this case pursuant to 28 U.S.C. § 1915(e).

## **I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's application to proceed IFP includes his income and asset information, which indicates that he does not have sufficient monthly resources available to pay the filing fee. The Court will therefore grant the motion to proceed IFP.

## **II. Review Under Section 1915(e)**

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's Proposed Complaint [#1-1] under the standards set forth in 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's case should be dismissed for failure to state a plausible claim upon which relief may be granted.

This case arises out of the termination of Plaintiff Christopher Brandt from his employment as a Deportation Officer of the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE"). In Plaintiff's proposed complaint, he alleges that he was previously employed by DHS/ICE for nearly seven years between 2017 and 2024 and was therefore miscategorized as a probationary employee upon rehire in 2025. Construing the facts alleged in Plaintiff's proposed complaint liberally, he further alleges that he engaged in protected

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

activity during his previous term of employment by submitting complaints about discriminatory practices and abuses of authority by DHS/ICE management officials to the Equal Employment Opportunity Commission ("EEOC") and Merit Systems Protection Board ("MSPB"). Plaintiff alleges that he was terminated without due process owed him under the Civil Services Reform Act ("CSRA") because he was wrongly categorized as a probationary employee and because the alleged performance issues upon which his termination was based were pretextual. Naming the Department of Homeland Security and DHS Secretary Kristi Noem as defendants, Plaintiff challenges his termination by DHS/ICE as arbitrary and capricious and exceeding statutory authority under the Administrative Procedures Act ("APA").

The Court construes Plaintiff's proposed suit as seeking statutory review of DHS/ICE's termination of his employment under 5 U.S.C. §§ 706(2)(a)-(c). Plaintiff has failed to state a plausible claim upon which relief may be granted because he has failed to exhaust administrative remedies, and because the robust scheme provided by the CSRA precludes this Court's review of his challenge to his termination.

The Civil Service Reform Act ("CSRA") "establishes a framework for evaluating personnel actions taken against federal employees." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 423 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). For "particularly serious" actions, the employee "has a right to appeal the agency's decision to the MSPB." *Kloeckner*, 568 U.S. at 44. In such an appeal, an employee may allege that a federal agency "had insufficient cause for taking the action under the CSRA" or may also complain of "adverse action taken, in whole or in part, because of discrimination prohibited by another federal statute," such as Title VII, the ADEA, or ADA. *Perry*, 582 U.S. at 423–24 (internal quotation and citation omitted). The CSRA provides for judicial review of a final order or decision of the

MSPB. 5 U.S.C. § 7703(a)(1). If an employee is asserting rights only under the CSRA, jurisdiction lies in the U.S. Court of Appeals for the Federal Circuit. *Perry*, 582 U.S. at 425 (citing 5 U.S.C. § 7703(b)(1)). If the employee also invokes federal antidiscrimination laws, the proper forum for judicial review is federal district court, as the Federal Circuit lacks jurisdiction. *Id.* at 426 (citing *Kloeckner*, 568 U.S. at 46).

In this case, Plaintiff's pleadings are deficient in two ways. First, Plaintiff has failed to state a plausible claim upon which relief may be granted because the MSPB has yet to issue a final order or decision. According to Plaintiff's proposed complaint, his complaints before the EEOC and MSPB are still pending. Plaintiff therefore cannot yet seek judicial review under the CSRA. *See* 5 U.S.C. § 7703(a)(1). In any case, jurisdiction over such review may lie exclusively in the U.S. Court of Appeals for the Federal Circuit, as Plaintiff does not invoke federal antidiscrimination laws in his pleadings. *See Perry*, 582 U.S. at 425 (citing 5 U.S.C. § 7703(b)(1)).

Second, Plaintiff has failed to state a plausible claim upon which relief may be granted because he seeks relief under the APA. The Fifth Circuit has declined to "allow an employee to circumvent [the CSRA's] detailed scheme governing federal employer-employee relations by suing under the more general APA." *Broadway v. Block*, 694 F.2d 979, 986 (5th Cir. 1982). Thus, review of a federal agency's adverse personnel action generally "cannot proceed under the APA if that decision is covered by the CSRA." *Clarke v. Office of Personnel Management*, No. H-07-0662, 2007 WL 2363295 at *4 (Aug. 17, 2007). Therefore, this Court's review of Plaintiff's termination by DHS/ICE under the APA is likely precluded by the robust appeal framework established by the CSRA.

## III. Orders and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [#1] is **GRANTED**.

Additionally, having considered Plaintiff's Proposed Complaint [#1-1] under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** for failure to state a claim upon which relief can be granted. Because the Court is recommending dismissal of this case,

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by U.S. Marshals [#5] is **DENIED**.

## IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to

file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of November, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE