IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRANDT,<br><br>*Plaintiff,*<br><br>vs.<br><br>KRISTI NOEM, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-01352-JKP |

**AMENDED REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court is the above-styled cause of action, which was re-referred to the undersigned on October 20, 2026, for a reconsideration of a previous report and recommendation [#14]. For the reasons set forth below, the undersigned withdraws the previous recommendation [#7] and issues this amended report and recommendation regarding the screening of this case pursuant to 28 U.S.C. § 1915(e).

## I. Background

The record reflects that, pursuant to the Standing Order governing cases involving motions to proceed *in forma pauperis* ("IFP"), the undersigned granted Plaintiff's motion to proceed IFP on November 10, 2025, and conducted a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned concluded after reviewing the proposed pleading that Plaintiff's case should be dismissed for failure to state a plausible claim upon which relief may

be granted and returned the case to the District Judge. The recommendation in part rested on Plaintiff's failure to demonstrate that he exhausted his administrative remedies.

Plaintiff filed a notice of appeal and objection, and the District Judge interpreted the filing as an appeal to the Fifth Circuit. The Fifth Circuit dismissed the appeal in May 2026 and found that Plaintiff's filing was better understood as an objection to the undersigned's recommendation. Plaintiff thereafter moved for leave to file supplemental evidence, asking the Court to permit him to supplement his pleading with an administrative decision of the Merit Systems Protection Board ("MSPB") demonstrating that he has, in fact, exhausted his administrative remedies. The undersigned now undertakes a second review under Section 1915 of Plaintiff's original proposed pleading along with the supplemental evidence provided by Plaintiff as directed by the District Judge.

## II. Analysis

Again, under 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) does not make review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a Standing Order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

Pursuant to the Court's Standing Order and the re-referral of this case for reconsideration, the undersigned has reviewed Plaintiff's proposed Complaint and supplemental evidence pursuant to 28 U.S.C. § 1915(e) and again finds that dismissal is warranted. This case arises out

of the termination of Plaintiff from his employment as a Deportation Officer of the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE"). In Plaintiff's proposed complaint, he alleges that he was previously employed by DHS/ICE for nearly seven years between 2017 and 2024 and was therefore miscategorized as a probationary employee upon rehire in 2025. Plaintiff alleges that he was terminated without due process owed him under the Civil Services Reform Act ("CSRA") because he was wrongly categorized as a probationary employee and because the alleged performance issues upon which his termination was based were pretextual. Naming the Department of Homeland Security and DHS Secretary as defendants, Plaintiff challenges his termination by DHS/ICE as arbitrary and capricious and exceeding statutory authority under the Administrative Procedures Act ("APA").

The undersigned again construes Plaintiff's proposed suit as seeking statutory review of DHS/ICE's termination of his employment under 5 U.S.C. §§ 706(2)(a)-(c) and finds that Plaintiff fails to state a plausible claim upon which relief may be granted. The CSRA "establishes a framework for evaluating personnel actions taken against federal employees." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 423 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). For "particularly serious" actions, the employee "has a right to appeal the agency's decision to the MSPB." *Kloeckner*, 568 U.S. at 44. In such an appeal, an employee may allege that a federal agency "had insufficient cause for taking the action under the CSRA" or may also complain of "adverse action taken, in whole or in part, because of discrimination prohibited by another federal statute," such as Title VII, the ADEA, or ADA. *Perry*, 582 U.S. at 423–24 (internal quotation and citation omitted). The CSRA provides for judicial review of a final order or decision of the MSPB. 5 U.S.C. § 7703(a)(1). If an employee is asserting rights only under the CSRA, jurisdiction lies in the U.S. Court of Appeals for the Federal Circuit. *Perry*, 582 U.S.

at 425 (citing 5 U.S.C. § 7703(b)(1)). If the employee also invokes federal antidiscrimination laws, the proper forum for judicial review is federal district court, as the Federal Circuit lacks jurisdiction. *Id.* at 426 (citing *Kloeckner*, 568 U.S. at 46).

In the previous recommendation, the undersigned found Plaintiff's pleading to be deficient in two ways. First, the undersigned found that Plaintiff failed to state a plausible claim upon which relief may be granted because the MSPB had yet to issue a final order or decision. According to Plaintiff's proposed complaint, his complaints before the EEOC and MSPB were still pending. The undersigned therefore found Plaintiff could not yet seek judicial review under the CSRA. *See* 5 U.S.C. § 7703(a)(1). Plaintiff's supplemental evidence now confirms that the MSPB issued a final decision in his administrative appeal on March 4, 2026. (MSPB Decision [#13], at 8–24.) However, the MSPB dismissed the appeal for lack of jurisdiction, finding that Plaintiff was not an "employee" with any right to appeal an adverse employment action to the MSPB under the CSRA. *See United States v. Fausto*, 484 U.S. 439, 454 (1988) (CSRA does not extend administrative or judicial review to non-preference members, such as probationary employees).

Plaintiff contends he has now exhausted his administrative remedies by attempting to appeal to the MSPB and can now seek judicial review in this Court. The undersigned disagrees. The U.S. Court of Appeals for the Federal Circuit is the sole forum that has jurisdiction over a challenge to MSPB's dismissal of his appeal for lack of jurisdiction and for review of his claim that he was wrongly categorized as a probationary employee not entitled to notice and other due process protections prior to termination. *See Perry*, 582 U.S. at 425 (citing 5 U.S.C. § 7703(b)(1)); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 17 (2012) ("[T]he CSRA provides review in the Federal Circuit, an Article III court fully competent" to review Plaintiff's claims.

The undersigned acknowledges that the Northern District of California has found that it had subject matter jurisdiction to review challenges to federal personnel decisions against probationary employees because the remedial scheme of the CSRA was not functional due in part at least to a lack of quorum. *See Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, 799 F. Supp. 3d 967, 986 (N.D. Cal. 2025). However, as another federal district court noted, this issue has since been cured. *Shehadeh v. Off. of Pers. Mgmt.*, No. CV 25-1525-BAH, 2026 WL 2150287, at *7 (D. Md. July 27, 2026). Moreover, in the California case the plaintiff was a union, not an individual employee. *Id.* "Here, where Plaintiff is a single individual employee challenging his termination, he is bound by the CSRA, which precludes review in this Court." *Id.* "[T]he CSRA does not foreclose all judicial review of [Plaintiff's claims] . . . but merely directs that judicial review shall occur in the Federal Circuit." *Elgin*, 567 U.S. at 10. Because Plaintiff's challenge to his termination is governed by the CSRA, this Court lacks subject matter jurisdiction over Plaintiff's proposed Complaint.

That Plaintiff's proposed Complaint includes an APA claim does not alter this result. *See Shehadeh*, 2026 WL 2150287, at *7. The Fifth Circuit has declined to "allow an employee to circumvent [the CSRA's] detailed scheme governing federal employer-employee relations by suing under the more general APA." *Broadway v. Block*, 694 F.2d 979, 986 (5th Cir. 1982). Thus, review of a federal agency's adverse personnel action generally "cannot proceed under the APA if that decision is covered by the CSRA." *Clarke v. Office of Personnel Management*, No. H-07-0662, 2007 WL 2363295 at *4 (Aug. 17, 2007). In short, this Court lacks jurisdiction, and therefore Plaintiff fails to state a claim and his Complaint must be dismissed under Section 1915.

## III. Order and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that the undersigned's previous report and recommendation [#7] is **WITHDRAWN** to be replaced by the following recommendation.

Having considered Plaintiff's Proposed Complaint [#1-1] and Supplement Evidence [#13] under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** for failure to state a claim.

## IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of November, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE